And the first is numbers 13-2087, 2088, 2089, 2090, 3219, as well as 14-1235, 1753, 1754, 55, and 56 in Ray Asbestos Products Liability Litigation, number Roman 6. And we have Mr. McCoy and Mr. Brumke? Brumke. Okay, Brumke. I'm sorry, I apologize. Mr. McCoy. Thank you. Whenever you're ready. I want to focus at the beginning just on a portion of our brief without saying the rest of it. It doesn't matter either here. You better announce yourself and how much time do you wish to reserve for rebuttal? All right, yes. Robert McCoy, Bob McCoy, and we've reserved five minutes for rebuttal. That's fine. This case is one in which Illinois substantive law has to govern because it's a statute of limitations issue and it's a diversity case. So if we start... In this case you have two, I guess though once were five, but now we have three people. Is that correct? We have Collins, Doyle, and Larworth? That's correct, and all the cases left are arising from the state of Illinois. And let's just take, we'll start with Collins, I guess. He was diagnosed, the latest, he was diagnosed on June 5th of 07, is that correct, roughly? Yes. With small cell carcinoma of the lung, and that was first disclosed in discovery almost four years later, February 21, 11? Yes. Why so long? The reason is because that's when the disclosures in this case started. Before that, these cases in the MDL were basically just on hold with no activity going. But administrative order 12 was first adopted when? It was adopted in 2007, and then... It was amended in 09, right? That's correct, yes. And so you would think you'd want to get on the registry as quickly as you could. The cases, I could say, were not active. And then when my firm had, at that time in 2009, which I believe is when my firm's cases got activated, there was about 3,000 to 5,000 cases that were still pending. And that, there was a trigger for doing the AO12 filings that Judge Rubino instituted for specifically the cases from my firm, Casino Vaughn Law Offices. You obviously had a number of cases. You had Mr. Doyle, who was diagnosed on January 30th of 04 with, again, small cell carcinoma of the lung, and that wasn't disclosed until December 1907, so almost three years. You had Larweth, looks like 4-16-04, non-small cell carcinoma of the lung. And I understand Mr. Larweth is the only one who's still alive. And that wasn't disclosed until October 5th of 2010. And it's like these cases may have fallen through the cracks. I don't believe they've fallen through the cracks. Like I said, they were inactive cases. There wasn't any activity ongoing. The AO12 trigger that Judge Rubino set in the cases was complied with, and for each of these cases from the time period that that disclosure was made was within the statute of limitations period. Go ahead. I was wondering, how was it within the statute of limitations if we're applying Illinois law and we're applying the so-called two-disease rule, the time frame for bringing claims based upon that date and disease two years after diagnosis, how are these within the statute of limitations? They're within the statute of limitations because from the date of the causation letters connecting the lung cancer to asbestos exposure, that was within the two-year period. So your position is it's not date of diagnosis, it's date of when the plaintiff knows there's a causal connection between the asbestos exposure and the condition? Yes. Both the disease and the cause have to be known. And that's Illinois Supreme Court law. The two-disease rule, as far as we can tell, hasn't been discussed by the Illinois Supreme Court. That's correct. The two-disease rule has not been discussed. So what is it that you're referring to? But the Nolan case discusses the question of when you know for statute of limitations purposes that you have an injury that should be filed. And the Nolan case, that's in our case index here, but I think that was addressed in about 1981 or 1982. So that law was established and then later. The question is, is the date of disclosure, sorry, the statute of limitations begins to run at the time the plaintiff knows of the causal connection. That's correct. Both the diagnosis and the causal connection have to be known. So in this case, the latter event was the causation. Well, if you take a look at the Sixth Circuit case in Boggs, which I understand interprets Illinois law, it says that you have a two-disease rule in Illinois. I don't see any real disagreement with that. Each disease gives rise to a separate cause of action, therefore must be separately pled. It would seem logical that you would know you have the injury once there is a diagnosis. And that's why I started off with when there is a diagnosis, why wait more than two years to put the other side on notice that you have this diagnosis? And you can't just wait for discovery. It looks like you've got to act within two years. And that's the logical thing to do. And I can't figure out why that wasn't done. Again, the time period that triggers it is the causation letters. So all these cases were done. Isn't the time that you have the clock starting on a statute of limitation is when you know you are injured? You knew you were injured when you get a diagnosis of small cell carcinoma. Now, obviously, the other side can say the small cell carcinoma isn't related to asbestos. Instead, it's really related to smoking, et cetera. Well, that's another day, another case. But you knew you were injured then under the Illinois law. Yes, and that doesn't start your statute of limitations running. You have to know that it's also caused by asbestos. So how would you know? When you suspect that's caused by asbestos, especially in your position, you'd want to say it's caused by asbestos, right? That's the presumption from your practical point of view. That might be a presumption, but it doesn't establish the causal connection. That has to come from a medical doctor. Okay, and so... Under the Nolan case. When do you think each of these... You had a medical doctor that tells you that there was a logical nexus between the cancer diagnosis and the exposure to asbestos. Yes. When was that done here? Well, I charted it out for Collins, but I didn't... Well, let's just go with Collins then for the moment. Okay. I mean, they're all done... Let me get my notes here. Okay, so for Collins, the diagnosis of lung cancer was June 5 of 2007, and the causation letter came on June 15 of 2009. So the date that's applicable for statute of limitations purposes is June 15 of 2009. That's what I mean by Illinois substantive law governing here. This is well-defined in Illinois law that that is the triggering date. And so are you, by this argument, indicating that you had to provide notice of a claim based upon lung cancer within two years of the causation letter? Exactly. And that was done. The deposit of the pathology report with the... This was now in the time period when the MDL had set up a methodology in our cases for providing notice of whatever was the disease being claimed at the time, which I say I think that was about 2009. But in 2010 of November, which was about 14, 15 months after the causation letter in Collins, the pathology report showing lung cancer was deposited with the service that was keeping records for our firm's thousands of cases and providing those to the defense. And then also there was a causation letter that was filed, which was the one that was originally provided to my firm on June 15 of 2009. So that was provided to the defense's notice in November of 2010. And so are you saying that this notice that was provided is the equivalent of amending the complaint? That allows for an amendment to the complaint if it becomes later necessary to do so, right? You can either have relation back or you could have the liberal policy of amending complaints, but that would be the event that permits those to be effective. And that's the state substantive law issue that Judge Rubino never did get to, is whether there should have been an amendment allowed because of the scheduling order deadline that he said, which doesn't appear of record in this case. Nobody's ever pointed that out. So if you get to that substantive law issue in the way that you discussed, Judge Vineski, then these amendments would be allowed either by the liberal policy or probably more clearly by relation back because by Federal Rule 15, relation back issues are set forth as state law matters governed specifically by state law. But how is state law here different than the Federal Civil Procedure? Isn't the relation back test the same under both? It's probably very close, Judge. I think Illinois law makes it more clear because there's been more decisions in Illinois on it. We cited the Frigo case, F-R-I-G-O, in which there was a brand new cause of action alleged. We cited the Castro case in which there was a defendant that was added. These were all things that were done after the statute of limitations had run by amendments and based on the notice that was earlier provided. Isn't what you really wanted to file was a supplemental pleading as opposed to an amended complaint? That's possible, Judge. I can't say that there was any magic to it. No, I mean a supplemental pleading is designed to include matters which occur before the filing of the initial pleading but are either overlooked or not known. That's an amended complaint. Here a supplemental pleading, if you were to be under Rule 15 as opposed to 16, would be 15D. It's designed to cover matters occurring after the original filing but pertaining to the original cause of action. You're saying that after? When was the original filing with respect to any of these three? I think in Collins' case was... 97. Yeah, before 99. Okay, so then after. That sounds like what you really want to do is say something occurred afterwards, i.e. the diagnosis of lung cancer, and therefore you wish to supplement your pleading. Yet you want to call it an amended complaint. Not only do you call it an amended complaint, but you're really trying to add a couple of other causes of action. Among other things, a wrongful death action. So, I mean, it really... Well, the Illinois law speaks to amendments. It doesn't say, like, I'm talking about Illinois section, Code Section 5. This is a procedural issue, right? No, I don't think this is a procedural issue. This is a state substantive law issue that should be decided. Whether you file an amendment or a supplemental pleading, that has to be procedure, right? Like I said, I don't think that that distinction exists under Illinois law. So whatever that you would file, it certainly adds to what was in the original pleading. But again, with notice in place, it can be done. Okay, so let's go back. Maybe I'll finish up where I started. Let's assume you're now in the 90s and you're saying that you have exposure to asbestos and therefore you have a cause of action with regard to either portal thickening or whatever it might be, asbestosis, whatever it is. Eight years later, seven years later, you have a diagnosis of cancer, which you know under Illinois law is a separate injury. Wouldn't you want to get a... And you say, what I need is a doctor to tell me that, and a doctor didn't tell me that for four years or so afterwards. In fact, after two of these three folks died. You're saying only then do you have, despite the fact you're injured and despite the fact you think that it was as a result of exposure to asbestos, only when the doctor tells you does a statute of limitations begin under Illinois law. That's right. And the case that you cite is what? Nolan. And it says what? It says that you have to have both a diagnosis and a causal connection, both. So let's say you waited until a doctor gives you something. Now, two of these persons have been dead since, what, 2007? Yes. So you're saying you could wait until like 2017 and get a doctor to tell you that there is a logical nexus between exposure to asbestos and cancer and the statute of limitations would begin in 2017 for the estate of these two persons. I can't say that you could wait that long. I mean, that's not how long this happened here. I'm just saying that. Well, in this case it's four years. Right. Or more. Right. I'm just saying that under the Nolan case law, that's what was involved in terms of deciding when you had a statute of limitations concern for two years started running. And that's the law as it's been decided. Now, if somebody wanted to bring a different motion on this and investigate the facts of it, fine. But that didn't happen here. I mean, we dealt with these things the way the MDL said. We complied with the time we were supposed to deposit this, the time we were supposed to answer inerogatories, the time when Judge Straubrich says what's the current system. You have roughly 5,000 persons that you've represented or so. How many? I'm sorry. In this MDL action, how many plaintiffs have you represented? In the course of our firm, I'm sure more than 5,000 probably. Okay. And normally do you file within a couple of years after the diagnosis of cancer? We don't amend. And that's one of the positions in our brief, like I said, that I haven't discussed here, but there's not a history of doing amendments. The procedures that were set up in the MDL for notifying of this disease were followed, and before that, like I said, there wasn't a history of doing these amendments. All right. And that's why it wasn't done in these cases. All right. Let's hear from Mr. Drumke. We'll get you back. Good morning, and may it please the Court, Michael Drumke on behalf of Georgia Pacific. Could you start with what your opponent has said, is that the Nolan case in Illinois says that they do not have to give notice or supplement the complaint or amend the complaint or do anything until they actually have in hand a doctor's certificate that there is a nexus between asbestos exposure and cancer. I can, Your Honor. Your Honor, the Nolan case stands for the proposition. Mr. McCoy is right. It's the controlling precedent, but he narrows the whole thing too much. It's not when a party knows. It's when a party knew or reasonably should have known that an injury has occurred and it was wrongfully caused. I would point the Court to- In Nolan, there was an eight-year difference between the diagnosis of the disease and the knowledge of causation. Correct, Your Honor. I would point the Court to three portions of the record. At 115, 206, and 253, when the claims were originally filed, or prior to the claims originally being filed, plaintiffs' counsel had retained certain doctors to examine the plaintiffs in this case. Dr. Alan Sheffield examined or looked at the records of Mr. Collins and issued a report which was filed in conjunction with the original pleading. The report of March 27, 1996, confirms the diagnosis that is the original basis of the original lawsuit, but at the end of the fourth paragraph in his letter, it says, In addition, Mr. Collins is at a substantially increased risk for mesothelioma and lung cancer due to this asbestos exposure. So here in 1996, there's one doctor telling Mr. Collins and his attorneys that he should be on the lookout for a potential lung cancer diagnosis due to this asbestos exposure. At 206 in the record, Dr. Henry Manson says exactly the same thing. At the end of the fourth paragraph of his letter of May 1, 1998, he says, In addition, Mr. Doyle is at a substantially increased risk for mesothelioma and lung cancer due to this asbestos exposure. And at 253 in the record, Dr. Henry Anderson looked at Mr. Walras' records and at the end of the fourth paragraph says the same thing. In addition, Mr. Walras is at a substantially increased risk for mesothelioma and lung cancer due to this asbestos exposure. That letter is dated May 5, 1997. Of course, none of this is part of the district court's analysis in terms of finding that these claims are time-barred. The court said that it needed to file an amended complaint. It had filed an amended complaint. More than two years had passed. It didn't go through an analysis of when the cause of action accrued. It simply made a determination that in this particular instance, more than two years had passed since the diagnosis of disease, I take it. That's correct. I would assume. Did not make a determination as to when they should have reasonably known of the cause of their lung cancer. No, I think that's correct. That's not stated in the order. What standard should we apply? Now, as I understand it, the district court dismissed these claims after finding that there's a lack of good cause to file a request to amend the complaint prior to the deadline set in a scheduling order for amending the pleadings, but I couldn't find any order that set a deadline other than the fact that there was a summary judgment deadline. Same here. Correct. What standard should we apply? I'm sorry. That was a lead-in to a question. What standard should we apply in deciding whether the court should have analyzed this under Rule 16b or under Rule 15, and does that make a difference? I don't believe it makes a difference. I do want to point out language in the court's order where it sort of conflates the scheduling order with the summary judgment deadline. On page 6 of the court's order it says, because plaintiff's motion to amend was not brought until the summary judgment phase of the case, and then the court says, i.e., after the court ordered deadline for amendments passed. Can you direct us to anything where a deadline for amendments had been set? No, I can't. So is it your position, and I gather it is only because of the way the brief is written, that you're not relying on what the district court relied on, namely Rule 16? Do you want us to come up with more that that was the basis for the decision to decide this under Rule 15c? Well, I think Rule 15c is the same. I mean, the criteria in Rule 15c would be essentially the same under these facts in terms of delay. How would Rule 15c and Rule 16 be the same? Because Rule 16 talks about deadlines for trial proceedings. You can extend those deadlines on good cause. Rule 15c talks about whether the claim a party seeks to add relates to that and arises from the same transactions. Of course, all the other considerations of Rule 15 are still there. Well, I think the court's analysis was Rule 15c. Under the precedent in this circuit, clearly the deadline is the deadline for dispositive motions. I mean, you can't file a request for leave to amend in response to a summary judgment. There's a case that says you can't do that? There are cases from this district that we cite in our brief. But if Rule 15 applies, should we decide or should we send this back and let Judge Robrano decide? I mean, he's had to live with all these cases for years. Correct. So, I mean, it would seem to me that if that's the case, would the lung cancer claims be timely under Rule 15 because there's no deadline under 16, the scheduling order? And Judge Robrano has said that in the past. There is no deadline under the scheduling order set in the Briggs case. So in that context, why should we decide whether there should be a relation back? Why not give deference to the district judge that has forgotten more about this case than anyone else knows? I think the deference to the district court is that the district court said that they had ample opportunity for leave to amend. I agree with the question. And you may say that again, but isn't that really his call?  That they don't have leave to amend? No. Isn't it really his call whether they do or they don't relate back for purposes of Rule 15? Yes, I don't believe in his analysis. He believes that they do relate back. Where does he say that? I thought he decided this. I misspoke here. He said this based on the application of Rule 15, 15C, that they were on time. The request to amend was on time. You're saying the district court relied on 15C, not Rule 16, in making its determination on this? Yes. No, the district court relied on both. It cites both in its opinion. But we're talking about it does cite both rules, but in terms of its bottom line analysis, if someone were going to ask for its holding or its rationale, the rationale is it was untimely under Rule 16, not an analysis of that. It doesn't relate back. There's nothing that I recall from the opinion that discusses whether it arises from the same transaction or series of transactions. Exactly. Well, I think the decision of the South says that they're distinct chains of causality, so they are different claims entirely, and that was the basis of the court's ruling. Let me just ask a dumb question. Is this really 15C or 15D? If it's a supplemental pleading, which is designed to cover matters occurring after the original filing but pertaining to the original cause of action, wouldn't that be 15D? It might be, Your Honor, but plaintiffs didn't ask for either. Technically, they didn't move for leave to amend their complaint. They just asked for an opportunity to do so in the alternative in response to a summary judgment motion. It was never a final motion. That sounds like they asked. Well, they supplied it with their response to the summary judgment. Let's go back to Judge Schwartz's question. It looks to me like the court analyzed the plaintiff's motions under Rule 16 rather than 15, and I suggest it might be 15D. Isn't Judge Schwartz correct that the judge used the scheduling order under 16 as opposed to Rule 15? The court refers to Rule 16 on the diligence of the party, and I think the court found that parties are not diligent. If Rule 16 had a deadline in it, that would be one thing. But Rule 16 doesn't have a deadline in it, and Judge Rebrano has said in another case, the scheduling order does not contain deadlines for this purpose. Correct. So if it doesn't contain deadlines for this purpose, then aren't you really under Rule 15, and shouldn't we just do a quick remand and let the judge decide whether he's going to allow a supplemental pleading to be filed under 15D? But if I'm wrong, that would be something under 15C. I think he's already made that determination that it would be improper to do that. Where has he made that determination? Well, I think he says under – because the motion was not brought until the summary judgment phase of the case, the plaintiff must demonstrate good cause, and then he – That's Rule 16. That's right. That's Rule 16. That's Rule 16. And the plaintiff – he makes no finding in that regard. That's what I thought. All right. Do you have any further questions? All right. Let's hear back from Mr. McCoy. Thank you. I didn't have this case printed out, but this is in regards to the – how do you determine what would be the reasonable time period for filing in terms of when you knew or should have known? This is the Nolan case, again, Illinois Supreme Court. I'm quoting from it. The question of when a party knew or reasonably should have known both of an injury and its wrongful cause is one of fact, unless the facts are undisputed and only one conclusion may be drawn from them. So this is – What page are you citing from Illinois Supreme Court? I don't have that page number right here. All right. Looks like 171. But your adversary just pointed to us three pieces in the record that suggest that one was at least notified of this – the risk of this injury in the 90s. So doesn't that – if we apply Nolan, doesn't that undercut your position that you could wait until you actually got the letter? Under these circumstances where the plaintiff was notified that there was a risk of developing this malignant disease and thereafter gets a diagnosis, isn't that enough to trigger the timeframe within which you'd have to make your allegations concerning the injuries from that disease? Well, the answer to that is usually not. And again, it's a fact question on which this record was not developed. I mean, Nolan was an eight-year delay between diagnosis and knowledge of the causation letter. And the reason – Isn't all this besides the point – I mean, isn't the real question here, A, whether you were required to amend the complaint, and if you were, what rule do we look at this under? Do we look at Rule 15 or do we look at Rule 16? That's one way to put it. I'm not saying that there's any – that that's not an issue. I just – I don't see how it is anything other than Rule 15 on this record with no scheduling order deadlines. We had all these other deadlines that were satisfied in the MDL, but there's nothing about scheduling order and requiring amendments. And even if you had a Rule 16 deadline on amendments, you'd still have the relation back question that would relay it back to before that deadline. So I just – I don't see it as anything – So let me go back to the first question. Were you required to amend the complaint? And wouldn't you agree that the two-disease rule in Illinois would require an amendment of the complaint to add to this, the lung cancer claims? I wouldn't agree that it's required, no. I would agree only that VASAL says new cause of action, and if there is a need to allege the new cause of action, then if you look at the Illinois Rule 616, it specifically says in subsection A and in subsection B, A being the liberal amendment of Illinois, B being the relation back, that new causes of action can be added. It specifically says that. So it can be added. If there's no requirement under Illinois law, or dealing with Illinois law, that says you have to amend, that's what's missing here in terms of part of this case that would have required my firm to know something. There is no such requirement under Illinois law that you must amend for the second disease. That's never been litigated in any Illinois appellate decision. I haven't seen that in the Illinois trial. How does one get notice of that cause of action such that if we went to a trial, your adversary would know that you are bringing a separate cause of action under Illinois law based upon the development of the cancer, and as Judge Ambrose mentioned, and you wanted to add wrongful death and these other causes of action. Rule 8 still requires notice pleading. If you're in the federal court, you still need to satisfy that. So it's the doctrines of substantive law go back to relation back and statute of limitations. So how do you reconcile your position on saying there's no obligation to amend, but I want to bring these causes of action? Well, the interpretation, again, of Rule 8 and how that fits into Illinois law hasn't been anything that says you have to do a second complaint amendment or supplementation. Let me just finish. I'm sorry. You have to have notice, though. There's no question that you need notice to do this. Right, and that's what I'm saying, and that is what happened here. And given Illinois law, with all the notice that was provided, including expert reports that even litigated the issue at the expert stage, that was satisfied. Illinois law has been satisfied here. Now, there's more than one way to deal with this case. You could either send it back to Judge Rubino, which I think is correct that he did not make a determination. It says right in his opinions, in light of his determination about the scheduling order deadline, the court need not consider whether the amendments are timely or would be laid back. It says right in his opinion. So he hasn't decided that issue. You could send it back to him, or you could send the issue. You could try to send it over to the Seventh Circuit and say, hey, we want to certify this question. Some of the questions you're asking about how Illinois law would be reconciled haven't been answered by any Illinois appellate decision. And the other way to do it would be to send it back to Judge Rubino with instructions to remand the case to the local federal judge in Illinois. I think there's two judges, two courts that these cases came out of, and tell those local judges to make the decision on the Illinois state law and whether these amendments were proper. If there's a need to resolve these fact issues of when you knew or should have known, that is proper here because Judge Rubino routinely defers these cases on state law issues. The guy's done a wonderful job, but these are state law issues, and even he himself acknowledges that on state law issues he defers repeatedly. So that's something that this court could remand with directions that it be remanded to the local district court for determination of this state law question. Thank you very much. Thank you to both counsel, and we'll take the matter under advisement.